No. 13 - 5112

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

WESTERN MANAGEMENT INC.,
YVONNE R. KOVACEVICH and
ROBERT E. KOVACEVICH,

     Plaintiffs-Appellant,

      v.

UNITED STATES,

     Defendant-Appellee.

RECEIVED

AUG ? ? 2013
United States Court of Appeals
For The Federal Circuit

---

APPEAL FROM THE UNITED STATES COURT
OF FEDERAL CLAIMS IN CASE No. 08-116 T
JUDGE NANCY B. FIRESTONE

---

### OPENING BRIEF OF APPELLANTS

---

ROBERT E. KOVACEVICH
Pro se and Counsel for
Yvonne R. Kovacevich
4603 S. Pittsburg
Spokane, Washington 99223
(509) 448-2677

FORM 9.  Certificate of Interest

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Western Management Inc. _____ v. _____ U.S., No. 13-5112

No. 2012-5005

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
_____Appellants_____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.    The full name of every party or amicus represented by me is:

Robert E. Kovacevich pro se, Yvonne R. Kovacevich _____

_____

_____

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Western Management Inc. did not appeal the decision. _____

_____

_____

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None _____

_____

_____

4. ☑  There is no such corporation as listed in paragraph 3.

5.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Robert E. Kovacevich _____

August 28, 2013 _____
Date

_____
Signature of counsel

Robert E. Kovacevich
Printed name of counsel

# TABLE OF CONTENTS

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of Related Cases . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

A. The Standard of Review of this Court's Mandate is *de novo.*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. Statutory Interpretation of 26 U.S.C. § 6521 is *de novo* . 9

C. The Court of Federal Claims Hearing Violated Due Process as it Did Not Allow an Opportunity for Proof or Allow a Record Sufficient for a Meaningful Appellate Review . . . . . . . . . . . 9

D. § 6521 Involves Only Crediting of Employment Taxes, One Against the Other. Income Tax Credit, Even if Proven, is Excepted From the Statute . . . . . . . . . . . . . . . . . . . . . . 12

E. When 26 U.S.C. § 6521 is Applied, the Actual Amount Subject to Tax Must be Corrected . . . . . . . . . . . . . . . . . . . 19

F. When 26 U.S.C. § Applies, the Entire Mistake Must be Corrected . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

**Court Order** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**Addendum** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

# TABLE OF AUTHORITIES

## Cases                                                          Page

*Atlantic Thermoplastics Co. Inc., v. Faytex Corp.,* 5 F.3d 1477,
1479 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Beane v. C.I.R.,* T.C. Memo 2009-152 . . . . . . . . . . . . . . . . . . . . . .  10

*Beeler v. C.I.R.,* 434 Fed Appx. 41, 2011 WL 4792303
(2d. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Branson v. C.I.R.,* 264 F.3d 904, 908 (9th Cir. 2001) . . . . . . . . .  24

*Bubble Room Inc., v. U.S.,* 159 F.3d 553, 555 (Fed. Cir. 1998)  18, 22

*Bull v. United States,* 295 U.S. 247, 211, 55 S.Ct. 695, 79
L.Ed 1421 (1935) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

*Casitas Municipal Water Dist., v. U.S.,* 708 F.3d 1340, 1351
(Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*City of Arlington v. F.C.C.,* 133 S.Ct. 1863 (2013) . . . . . . . . . . .  14

*C.I.R. v. Newman,* 159 F.2d 848, 851 (2nd Cir. 1947) . . . . . . . .  18

*Clakamas Gastroenterology Associates P.C. v. Wells,* 538 U.S.
440, 450, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003) . . . . . . . . . .  22

*Cocchiara v. U.S.,* 779 F.2d 1108, 1114 (5th Cir. 1986) . . . . . . . .  23

*de la Llana-Castellon v. I.N.S.,* 16 F. 3d 1093, 1100 (10th Cir.
1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Duradene Co., v. Magruder,* 21 F.Supp. 426 (D.C. MD 1937) . . .  25

*First National Bank of Omaha v. U.S.,* 565 F.2d 507, 519 (8th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Gamble-Skogmo Inc., v. F.T.C.,* 211 F.2d 106, 117 (8th Cir. 1954)   12

*Indian Harbor Ins. Co. v. U.S.,* 704 F.3d 949, 954 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jones v. U.S.,* 613 F.2d 1311 (5th Cir. 1980) . . . . . . . . . . . . 10, 14

*Joyce v. Matthews,* 569 F.2d 1039 (8th Cir. 1978) . . . . . . . . . . . 18

*Kovacevich v. C.I.R.,* T.C. Memo 2009-160  . . . . . . . . . . . 16, 25

*Ladd v. U.S.,* 713 F.3d 648, 651 (Fed. Cir. 2013) . . . . . . . . . . . 9

*Laitram Corp. v. NEC Corp.,* 115 F.3d 947, 950 (Fed. Cir. 1997) . . 9

*Navarro v. U.S.,* 72 AFTR 2d 93-5424, 1993 WL 291381 (D.C. Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Patton v. Secretary of Health and Human Services,* 25 F.3d 1021, 1031 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ridge Country Club v. U.S.,* 135 F.2d 718 (7th Cir. 1943) . . . . . 21

*Roberto v. Department of the Navy,* 440 F.3d 1341 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United Dominion Industries v. U.S.,* 532 U.S. 822, 121 S.Ct. 1934, 150 L.Ed.2d 45 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*U.S. v. Hernandez-Mesa,* 720 F.3d 760, 766 (9th Cir. 2013) . . . . 11

*U.S. v. Taylor,* 487 U.S. 326, 344, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Federal Statutes

26 U.S.C. § 31(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

26 U.S.C. § 1401 . . . . . . . . . . . . . . . . . . . . . . . . 2, 13 15

26 U.S.C. § 3101 . . . . . . . . . . . . . . . . . . . . . . . .13, 15, 20

26 U.S.C. § 6413(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . 2

26 U.S.C. § 6501(b)(2) . . . . . . . . . . . . . . . . . . . . . . . 18

26 U.S.C. § 6521 . . . . . . . . . . . . . . . . . . . . . . 4, passim

26 U.S.C. § 6521(a)(3) . . . . . . . . . . . . . . . . . . . . . . . 22

26 U.S.C. § 6601(i) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26 U.S.C. § 7436 . . . . . . . . . . . . . . . . . . . . . . . . . . 17

26 U.S.C. § 7805 . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1295(a)(3) . . . . . . . . . . . . . . . . . . . . . . . 34

28 U.S.C. § 1346(a)(1) . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 430 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## State Statutes

Wash. Rev. Code § 50.04.140 . . . . . . . . . . . . . . . . . . . . . 8

## Regulations

26 C.F.R. § 1.31-2(a)(2) . . . . . . . . . . . . . . . . . . . . . . . 17

26 C.F.R. § 31.6513(a)-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

26 C.F.R. § 301.6521-1(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26 C.F.R. § 301. 7701-1(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . 21

26 C.F.R. § 301. 7701-2( c)(2)(i) . . . . . . . . . . . . . . . . . . . . . . . . 21

**Revenue Rulings**

Rev. Rul 1950-2 C.C.B. 217, 1950 WL 79356 . . . . . . . . . . . . . 20

**Treatise**

Social Security Law and Practice . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATEMENT OF RELATED CASES

There are no other Appeals in or from the same civil action.  No case known to counsel is pending that will be directly affected by this Court's decision.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| WESTERN MANAGEMENT INC.,<br>Now credeX Inc.<br>YVONNE R. KOVACEVICH and<br>ROBERT E. KOVACEVICH,<br><br><br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant-Appellee. | No. 13-5112 |

**BRIEF OF APPELLANTS**

**I. Introduction**

This Court, in its split opinion of December 12, 2012 (498 Fed.,

held:

> Under these circumstances, we think that § 6521 allows the
> Kovaceviches to claim a credit for self-employment tax paid
> against their liability for Western's unpaid taxes to the extent
> that such a credit has not already been allowed. We leave to the
> Court of Federal Claims on remand to determine, in the first
> instance, the amount of such a credit.

Three types of employment taxes were assessed in this case. Old

age, survivors and disability insurance (OASDI) is imposed by 26

-1-

U.S.C. § 3101(a) and § 1401.  Hospital Insurance (HI) community called Medicare is imposed by the same statutes.  Federal Unemployment tax (FUTA) was applied in 1994, but not in 1995.

With their 1040 tax return, the Kovaceviches paid $6,142 in self employment taxes in 1994 and $8,447 in self employment taxes in 1995.  The Government admits these facts Appendix 126.  (hereafter App.).  No income tax withholding was at issue, only social security tax.  Hospital insurance was not itemized.  In 1995, the total employment tax assessed against Western Management Inc., was $5,087.  If any self employment tax paid by the individuals was made as credit, there would be no 1995 deficiency.  In 1994, the tax assessed was a total of $11,342.  The rate for one half of OASDI is 6.2%; the rate for Hi is 1.45%.  The total percentages are 12.4% and 2.9%.  Only $60,600 of wages is subject to OASDI in 1994; in 1995 it is $61,200.  HI was unlimited.  42 U.S.C. § 430.  The two taxes are lumped together under F.I.C.A.  The maximum tax in 1994 on OASDI was $7,514.  In 1995, it was $7,588.  The employers half of OASDI amounts to $3,757 for 1994 and $3,794 in 1995.  The government

has obtained the one half as the "employee" has contributed by self employment in 1994 and 1995. The deficiency should be only one half. The computations and the judgment entered in this case is wrong. HI is unlimited but no separate computation is made. If the self employment tax was credited in 1995, there is no judgment for 1995. If the first quarter of 1994 is included, then the $7,142 of self employment tax must be subtracted from the 1994 judgment for the reason that an annual W-2 form for 1994 to the individual, would include social security paid in Western Management's fiscal year ended in March 1994. The obvious point is that no self employment tax was ever credited to Western Management's judgment. If it was, the amounts left would be minimal or none. The credit for self employment was never given. The controversy occurs from failure to recognize that credits to income tax only to the reclassified worker's income tax does not prevent application of § 6521. The statute requires a credit one against the other of employment tax. Even if proven, a credit of self employment tax to the 1040 income tax of the worker is not credit at all to the employer's employment tax deficiency.

-3-

This appeal seeks the self employment tax credit paid by the Kovaceviches with their tax returns as self employment tax to be credited against Western Managements employment tax judgment.

## STATEMENT OF JURISDICTION

The Court of Federal Claims had jurisdiction of this employment tax case under 28 U.S.C. § 1346(a)(1).  This Court's jurisdiction is under 28 U.S.C. § 1295(a)(3).

The Court of Federal Claims denied Plaintiff-Appellants Motion for Reconsideration.  On June 12, 2013, the Notice of Appeal was filed June 27, 2013.  The Opening Brief is due September 3, 2013.

## STATEMENT OF ISSUES

1.   Whether the Court of Federal Claims Judge's remand procedure prevented meaningful appellate review of this case.

2.   Whether the Government produced verified information or any information at all of income tax credit to the individual taxpayers.

3.   Whether income tax credit, even if proven, denies credit under 26 U.S.C. § 6521 for self employment tax paid by Robert E.

Kovacevich, against Western Management's employment tax judgment.

4. When 26 U.S.C. § 6521 applies, are all the employment taxes for the persons involved to be corrected to prevent a windfall to the government?

## STATEMENT OF THE CASE

This Court's unpublished opinion, 498 Fed. Appx 10, 15 (Fed. Cir. 2012) remanded the case to apply 26 U.S.C. § 6521 to allow the individual taxpayers, Robert E. And Yvonne R. Kovacevich to "claim a credit for self employment tax paid against their liability for Western's Management's unpaid taxes to the extent that a credit has not already been allowed".

On remand, the Court of Federal Claims, without notice to the parties, on February 8, 2013, App.14, ordered only that the "Defendant shall file a Status Report". On May 10, 2013, in the remand proceedings, the Defendant filed unverified certificates of assessment based on the calendar years 1994 and 1995 containing only argument, that employment taxes in 1994 were credited against

the income tax liability of the individuals, App. 124-178. The individuals, although not allowed to submit anything by the Court's Report Order, responded to the Governments Status Report on May 30, 2013. It was received for filing on June 3, 2013. The Response to Defendants Status Report was returned unfiled since the Court had already entered a judgment refusing the credits on May 28, 2013. App. 18, Docket 122, App. 190-218. Also, for reasons unknown, the Response of all Plaintiff-Appellants in the case, was sealed. Docket 116, App. 23-123. The Plaintiff-Appellants filed a response to supplement the motion which was allowed. App. 179-189. June 12, 2013 the Court denied the Plaintiff any credit finding that "The government's submission demonstrates that the government gave the plaintiffs credit for the employment tax by applying the amount of employment tax overpayment to reduce income tax owed". App. 21. No verification was proven. Even if it was, 26 U.S.C. § 6521 never mentions income tax. It doesn't apply. The statute does not apply to income tax. The Order also assigned the case to a different Judge. App. 21. No credit was ever made to Western Management's

employment taxes as required by this Court's mandate and 26 U.S.C. § 6521. The Trial Court never interpreted 6521 and in fact, never cited the statute.

## STATEMENT OF FACTS

Throughout this litigation and other related cases, the only employment taxes involved were those of only one worker, Robert E. Kovacevich. Therefore, the self employment tax should be credited dollar for dollar against Western Management's employment tax assessment. Western Management Inc., timely filed and paid all the employment taxes on their one or two employees classified as such. For reasons still unknown the quarters at issue in the litigation were all four quarters of 1994. Western Management Inc., is a fiscal year taxpayer with year ended in March. Only three 1994 quarters should be involved. There is no dispute that only the March 1995 first quarter is involved and not the other three 1995 quarters. If the first quarter of 1994 is involved crediting 1993 of $9,211 of self employment taxes would apply as the first three quarters in 1993

would be included to reduce Western Management's 1994 fiscal year ended Mach 1994.  App. 65.

Kovacevich is not eligible as his work is not within the state unemployment tax definition, Wash. Rev. Code 50.04.140(1)(a), (b)( c). The judgment of $434 for FUTA for 1994 is not within § 6521 but is eliminated as inequitable since Kovacevich is not eligible for state unemployment tax.  Interest is not allowed on a FUTA deficiency.  26 U.S.C. 6601(i).

The documents attached to the government's pleading were for the calendar years 1992, 1993 and 1994.  App. 145-169.  For 1995 calendar year, the government attached only a 1995 transcript of the individuals. App. 139-144. The argument mistakenly concludes, with no facts and no verification, that an income tax credit was made.  The transcript does not prove credit.  Payments were made to interest and penalties, not tax.  No self employment taxes for the person involved were ever proven to be credited to the social security tax of Western Management Inc.

### SUMMARY OF ARGUMENT

-8-

The taxpayers never had a chance to respond to the Governments status report. One of taxpayer's pleadings was sealed and one returned unfiled. The Court ruled but never explained why or interpreted a seldom interpreted statute. When the core issue is examined, income tax credit is not relevant to § 6521 as only self employment tax of the "employee" against the F.I.C.A. tax credit of the "employer" is involved. 6521 also opens the door to correct the total F.I.C.A. and deny the government a windfall.

## ARGUMENT

### Standard of Review

**A. The Standard of Review of this Court's Mandate is *de novo*.**
*Laitram Corp. v. NEC Corp.,* 115 F.3d 947, 950 (Fed. Cir. 1997); *Ladd v. U.S.,* 713 F.3d 648, 651 (Fed. Cir. 2013).

### B. Statutory Interpretation of 26 U.S.C. § 6521 is *de novo*.

This appeal involves the interpretation of 26 U.S.C. § 6521. *Indian Harbor Ins. Co. v. U.S.,* 704 F.3d 949, 954 (Fed. Cir. 2013) and *Casitas Municipal Water Dist., v. U.S.,* 708 F.3d 1340, 1351 (Fed. Cir. 2013) holds that statutory interpretation is also *de novo*.

**C. The Court Federal Claims Hearing Violated Due Process as it Did Not Allow an Opportunity for Proof or Allow a Record Sufficient for a Meaningful Appellate Review.**

The procedure used on remand by the Trial Court failed to cite 26 U.S.C. § 6521 or construe its meaning. The statute has remained in its present form for almost 60 years, has never had a United States Supreme Court interpretation and, to taxpayer's knowledge, only the Fifth Circuit and Tax Court has construed the statute. *Beane v. C.I.R.,* T.C. Memo 2009-152. *Beane* at page 6 supports the taxpayers as it offset the self employment tax to social security tax when the person was held not to be an employee. *Jones v. U.S.,* 613 F.2d 1311 (5th Cir. 1980) discussed at page 13, is exactly in point and holds for the tax payer.

In *Beeler v. C.I.R.,* 434 Fed Appx. 41, 2011 WL 4792303 (2d. Cir. 2011), the case was remanded because the Tax Court held that the employment taxes were not paid. However, the trial judge did not state any reasons for the ruling. The issue was payment of employment taxes and failure to credit. On remand the case was reviewed by full trial and several witnesses testified. The transcripts

-10-

of the IRS were proven wrong. The remand placed the burden of proof on the government and held that credit had to be applied. Here, the transcript of the employer Western Management Inc., never credits self employment taxes paid by the reclassified employee.

In *U.S. v. Hernandez-Mesa,* 720 F.3d 760, 766 (9th Cir. 2013), the trial Judge brushed off a request objecting to discovery, disclosure and allowed a reopening of a case. The Court stated on 766: "Giving an explanation for significant rulings is an important component of due process and must be clearly articulated to give meaningful Appellate review". The Court sent the case back to give reasons for the decision.

In *Atlantic Thermoplastics Co. Inc., v. Faytex Corp.,* 5 F.3d 1477, 1479 (Fed. Cir. 1993) the Court noted a second remand was necessary as no findings or conclusions were furnished by the trial court. The appellate court could not determine what legal standard applied. *Patton v. Secretary of Health and Human Services,* 25 F.3d 1021, 1031 (Fed. Cir. 1994) states:

> Where no adequate basis exists upon which to review the appealed judgment due to insufficient findings of fact and conclusions of law, the judgment should be vacated and the action remanded for further consideration.

In *U.S. v. Taylor,* 487 U.S. 326, 344, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988), the Supreme Court held that failure of the trial court to explicate its reasons prevented meaningful appellate review and reversed the judgment. A party must be given an opportunity to "rebut the facts so noticed," or due process is violated. *de la Llana-Castellon v. I.N.S.,* 16 F. 3d 1093, 1100 (10th Cir. 1994). In order to have a basis for decision, discovery must be allowed, opposing affidavits and debate over the issues must be heard. The witnesses must testify or establish the record by affidavits of personal knowledge. The Government's status report did not even meet the personal knowledge standard of summary judgment. R.C.F.C. 56(e). Due process is violated. *Gamble-Skogmo Inc., v. F.T.C.,* 211 F.2d 106, 117 (8th Cir. 1954).

**D.  § 6521 Involves Only Crediting of Employment Taxes, One Against the Other.  Income Tax Credit is Excepted from the Statute.**

-12-

26 U.S.C. § 6521 mandates crediting of the worker's self employment tax to the employment tax deficiency of the employer. The Status Report response of the Government refers only to income tax. 26 U.S.C. § 6521 was enacted on August 16, 1954, c. 736, 68A Stat. 814. The statute's language limits its scope. "In the case of the tax imposed by Chapter 2 relating to tax on self employment income and the tax imposed by Section 3101, (relating to tax on employees under the Federal Insurance Contributions Act). -- (1) if an amount is erroneously treated as self employment income . . . . the amount. . . as to the one tax. . . shall be reduced by. . . such other tax." The express mention of the two chapters excludes the application of the income tax chapter into the statute. Double deduction is rejected if tax statutes were enacted at different times. *United Dominion Industries v. U.S.,* 532 U.S. 822, 836, 121 S.Ct. 1934, 150 L.Ed.2d 45 (2001). "The mention of some implies the exclusion of others not mentioned". *id* at 836. (Expressio unius est exclusio alterius). The regulations, 26 C.F.R. § 301.6521-1, promulgated in 1967 and unchanged states "(a) Section 6521, may be applied in the correction

-13-

of a certain type of error involving both the tax on self employment income under Section 1401 and the employee tax under Section 3101". The regulations are issued pursuant to the agency's authority. 26 U.S.C. § 7805. The regulation is clear and unambiguous. The court gives effect to its plain meaning. *Roberto v. Department of the Navy,* 440 F.3d 1341, 1350 (Fed. Cir. 2006); *City of Arlington, Texas v. F.C.C.,* 133 S.Ct. 1863 (2013). Section 26 U.S.C. §1401 imposes only OASDI and HI taxes, not income tax. 26 U.S.C. 3101 imposes OASDI and HI on wages. Chapter 1 of the Internal Revenue Code § 1-1400 imposes federal income tax. Chapter 2 imposes self employment tax. Chapter 21 includes 26 U.S.C. § 3101. This Court ruled that 6521 applied and remanded the case to apply credits. *Jones v. U.S.,* 613 F.2d 1311, 1312 (5th Cir. 1980) is exactly in point and holds that 6521 applies to credit self employment taxes to an employer FICA tax deficiency. It holds that the position of the government is frivolous. The opinion states: "Sections 3402(d) and 6521(a) of the Internal Revenue Code provide that when an "employee" pays all of his

-14-

withholding of FICA taxes, the "employer" is relieved of liability".

These laws have not changed since *Jones* was decided.

Social Security Law and Practice § 72:156 states:

**§ 72:156Mitigation of effect of limitations period in cases involving both FICA and self-employment taxes.**

Because of the relationship between FICA taxes and self-employment taxes, there are instances where an amount may be erroneously treated as self-employment income (e.g. where an individual treated as an independent contractor is actually an employee) or, conversely, an amount may be erroneously treated as FICA wages (e.g. where an individual considered an employee is really an independent contractor.) <u>In either of these situations, correction of the error might require an assessment of the correct tax and a credit or refund of the incorrect tax,</u> but such a correction might not be possible because the statute of limitations or other rule of law' prevents the correction of one of the two taxes.  In this event, the Code provides that the barred tax must be used to offset the tax which is not barred.

The IRS applies this rule as follows:

(A) if the statute of limitations for both assessment and refund or credit are still open, the offset is not applicable;
(B) an overpayment of self-employment tax by an employee can only be applied against the employee's share of FICA taxes;
( C) where FICA taxes have been erroneously withheld, only the employee's share can be applied against his self-employment tax;

Whether an error was made is determined by the law and regulations applicable with respect to the year or other taxable

period as to which the error was made, as interpreted by the latest authoritative ruling or decision.

**Illustration:** X pay $10 FICA tax on an amount erroneously treated as wages, but which really is self-employment income subject to a $15 tax. If assessment of the $15 self-employment tax is barred, no credit or refund of the $10 FICA tax payment may be made. The payment must be offset against the $15 self-employment tax. (Underlining added).

The only limitation set by this Court was that "such a credit" was not already allowed. "Such", according to Goggle, means "of the type previously mentioned". The Court of Federal Claims exceeded this Court's instruction and imposed a limitation on § 6521 not in the code or regulations. No income tax withholding was included in the Western Management judgment. There is no correlation of the social security assessment of Western Management Inc., and income tax credit. The reason is that a transcript of Western Management's account never credits the worker's self employment taxes against the employer's tax. Further, credits, if in fact made, are credited first against interest and penalties. The personal case *Kovacevich v. C.I.R.,* T.C. Memo 2009-160 proves the IRS did not credit properly. No FUTA is assessed for 1995. The trial court order totally misses the issue

-16-

since 26 U.S.C. § 6521mandates that the crediting is not against income tax or tax deficiencies but it is the FICA tax or the self employment social security tax under 26 U.S.C. § 1401 or the employee tax under 26 U.S.C. § 3101. The worker always pays his own tax and credits the W-2 form amounts on the 1040 return. Western Management Inc., only issued W-2 forms to the actual employees, not Kovacevich as he was classified as owner-independent contractor, an entirely reasonable classification as he was dependent on his own billings to get paid what was left after expenses. He was in control and had to be dependent on earnings. This is classic to independent contractor status. The entire scheme is to collect the payments to credit the amount paid to earn the worker a social security pension. The reason is that social security and self employment taxes purchase a social security pension. Economists contend that the payroll taxes are not taxes for the reason that an individual who qualifies can get back more in benefits than contributed. See *Kevin A. Hassett,* PhD. "Is the *Payroll* Tax a Tax," National Review ONLINE. The social security program is also financed

by self employment taxes. *Bubble Room Inc., v. U.S.,* 159 F.3d 553, 555 (Fed. Cir. 1998). Income "taxes are enforced exactions not voluntary contributions". *C.I.R. v. Newman,* 159 F.2d 848, 851 (2nd Cir. 1947) (L. Hand dissent). To the contrary, the Treasury opposes persons who try to get on the social security system by converting rent into employment taxes. *Joyce v. Matthews,* 569 F.2d 1039 (8th Cir. 1978).

The government is merely a conduit of payments into a social security trust fund. The payments are made in order that the worker qualifies for a social security retirement pension. The greater the payments, the larger the pension. Partial credits to income tax, interest or penalties are made against income tax by income tax deductions granted to the self employed person to deduct one half the amount from their gross income. When the employee files his 1040 tax return, he can obtain excess social security taxes withheld by an employer against his/her income tax, 26 U.S.C. §31(b), 26 C.F.R. § 1.31-2(a)(2), states in pertinent part:

-18-

> If the amount of such special refund when added to amounts deducted and withheld as income tax exceeds the taxes imposed by subtitle A of the Internal Revenue Code of 1954, the amount of the excess constitutes an overpayment of income tax under subtitle A.

The total for 1994 was $11,342.40 exceeding the OASDI for one person by $3,838.00. Except for 1995 FUTA, the Trial Court's Opinion in this case mirrors Judge Foley's decision T.C. Memo 2003-162. Neither court had jurisdiction in the first quarter as 26 U.S.C. § 7436 gave Tax Court jurisdiction. The statute was enacted on July 22, 1998. Western Management was on a fiscal year ended in March, 1994. There is no five quarter year. The assessment had to be made by April 1998. 26 U.S.C. § 6501(b)(2). Neither court had subject matter jurisdiction of the first quarter of 1994. Jurisdiction can be raised at any time and this amount must be eradicated for lack of jurisdiction.

The IRS never credited the income tax paid by Western Management Inc., on its income tax return. Fundamental fairness requires an additional $3,255 to be credited as Western Management paid income tax on the amounts "beamed" into the personal returns.

-19-

App. 183-185. If the Trial Court was consistent, this amount would be credited.

**E. When 26 U.S.C. § 6521 is Applied, the Actual Amount Subject to Tax Must be Corrected.**

26 U.S.C. § 6521 was enacted on August 16, 1954, Section 726, 68A Stat 814. 26 U.S.C. § 6521(b) states that the terms self employment income and wages shall have the same definition and the same meaning as in Section 1402. The self employment tax was enacted in 1950, ch 809, 64 Stat 477. It is explained at length in Rev. Rul 1950-2 C.B. 217, 1950 WL 79357. Annual individual gross income under $9,750 up to $15,000, depending on filing status, can be earned before a tax return need be filed. Yet, if over $400 of self employment income is earned, a self employment tax return, form SE, must be filed. The form SE is transported in informational form to the Social Security Administration for pension credit. One half of the amount is an income tax deduction. The deduction never reduces the social security earnings credit. It synchronizes at the employee level where it should for the reason that the entire withholding system is designed to aid the social security recipient to pay his/her pension.

The taxpayers have argued 6521 for twenty years and Defendant refused the credit. Now the Government wants to use its own accounting to deny a credit. The Government seeks a one way street. It has overcollected the 1994 social security taxes at least twice but seeks to deny legitimate crediting. This is unjustified and immoral retention. The government also refuses to credit additional amounts paid on the 100% penalty to his social security earnings record. The amount the reclassified employee pays in self employment taxes, is never credited to the employee's federal employment tax. The reasons, among others, is that an employer aggregates the amounts withheld from all employees. The amount per individual is never segregated until W-2 forms at the end of the year are sent. The 941 employer tax returns are filed quarterly and withholding is paid over quarterly or monthly depending on amounts. The employer does not match social security of self employed's or withhold. *Ridge Country Club v. U.S.,* 135 F.2d 718 (7th Cir. 1943) holds that a person, there a golf pro, can be both an employee when he ran the pro shop and an independent contractor when he gave golf lessons. It is only when the

-21-

independent contractor employee files his return are the two determined. The ridiculous result here is that for the years in question 1994 and 1995, the social security maximums for one person which is $7,514 in 1994 and $7,588 in 1995. 26 U.S.C. § 3101 imposes social security tax on the employee. *Bubble Room Inc., v. U.S.,* 159 F.3d 553, 555 (Fed. Cir. 1998); and *Navarro v. U.S.,* 72 AFTR 2d 93-5424, 1993 WL 291381 (D.C. Tex. 1993) hold that the "employee" is primarily responsible and the ultimate calculation is between the two taxes. The argument by Defendant in its status report is wrong as Kovacevich was also his own employer. *Clakamas Gastroenterology Associates P.C. v. Wells,* 538 U.S. 440, 450, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003), (titles should not be used - the common law rules should be applies). Now single owner organizations are automatically disregarded entities. 26 C.F.R. § 301. 7701-1(a)(4); 26 C.F.R. § 301. 7701-2(c)(2)(i). Kovacevich was a multiple employer. The Circuit Court has invoked 6521 that in turn seeks to correct the errors. The rulings in this case started out denying independent contractor status and then the Government adopted the theory even

-22-

though it was the law of the case.  The law and logic in this case dictates total credit against the social security.

The rule of employee share does not apply here since all the money was paid as a control person or reclassified employee for his own social security.  The intent of the law is to apply all the money paid to the social security account.

**F.  When 26 U.S.C. § Applies, the Entire Mistake Must Be Corrected.**

*Cocchiara v. U.S.,* 779 F.2d 1108, 1114 (5th Cir. 1986) states: "mitigation provisions operate independently" and mitigation statutes are "essentially equitable in nature".

The meaning of correction is "to change to what is right", "A change that corrects a mistake".  Webster's Third New International Dictionary, 1981 Ed., defines it as "remedying or removing error". *Bull v. United States,* 295 U.S. 247, 261, 55 S.Ct. 695, 79 L.Ed 1421, (1935) holds that the Court of Federal Claims has jurisdiction to credit a total of $7,514 in social security in 1994 and $7,588 in 1995.  It also holds: (*id* at 261).

-23-

The United States, we have held, cannot, as against the claim of an innocent party, hold his money which has gone into its treasury by means of the fraud of their agent. *United States v. State Bank*, 96 U.S. 30, 24 L.Ed. 647. While here the money was taken through mistake without any element of fraud, the unjust retention is immoral and amounts in law to a fraud on the taxpayer's rights.

When mitigation of limitations provisions apply, "Neither side is to gain a windfall". *First National Bank of Omaha v. U.S.*, 565 F.2d 507, 519 (8th Cir. 1977). Equitable principles are to be applied. *Id* at 518. The parties should be placed in as nearly as possible position as they would have been if the error had not been made. *Id* 519. The calculation should be in accordance with 6521 and also the *Bull* case. Once the case is reopened, the correction is not piecemeal. The entire account must be changed to the right answer. Mitigation provisions apply independently of statutes of limitation. Equitable powers of the Court are inherent in any court and apply to tax recoupment and allows the Court to decide the entire amount of all the taxes overpaid. *Estate of Branson v. C.I.R.*, 264 F.3d 904, 908 (9th Cir. 2001); *Schlemmer v. U.S.*, 94 F.2d 77, 78 (2nd Cir. 1938). Overpayment of taxes by mistake of fact are to be repaid for the reason that it will not

-24-

have any noticeable effect on the Government's revenue. *Greenwald v. U.S.,* 57 F.Supp. 569, (Ct.Cl.1944). Where the tax is consistently under contest and not passed on, recovery is allowed. *Duradene Co., v. Magruder,* 21 F.Supp. 426 (D.C. MD 1937). The transcripts of Western Management's account are wrong for the reason that the self employment tax is never credited to the employer. If there was credit, it was Defendants invited error that was never agreed on by Plaintiffs.

Although neither this Court or the Court of Federal Claims allowed it, the self employment tax paid a total amount of $23,472 for 100% penalty for 1994 (see *Kovacevich v. C.I.R.,* T.C. Memo 2009-160) is credited, it far exceeds the employment taxes alleged as due. Although denied as refund, equitable recoupment would also include the three checks paid on the 100% penalty in the amount of $25,472. The checks were to be credited to the tax deficiency of Western Management Inc. If they were credited to social security tax as directed, there would be no employment tax deficiency. All the self employment tax should be credited and refunded, including the balance of the three checks.

## CONCLUSION

This Court remanded to apply "such a credit" meaning social security, not income tax credit. The mitigation provision of 6521 dictates that the crediting is solely the credit of self employment tax to the FICA. The plain meaning of the statute applies only to social security taxes. Credits to income tax under chapter 1 of the Revenue Code, are not specified. The mitigation provisions prevent over collection of social security. The only crediting is a dollar for dollar employment tax credit. Invocation of 6521 also requires equitable correction of all errors and no windfall to the Government. Case law forbids retention of money taken by mistake. The social security must be corrected to achieve justice. Unjust retention must be rectified by balancing the books of the Trustee, here the Government.

DATED August 28, 2013

Respectfully Submitted,

ROBERT E. KOVACEVICH pro se
And Attorney for
Western Management Inc.,
4603 S. Pittsburg
Spokane, Washington 99223
(509) 448-2677

YVONNE R. KOVACEVICH pro se
4603 S. Pittsburg
Spokane, Washington 99223
(509) 448-2677

## CERTIFICATE OF SERVICE

I certify that service of the foregoing document has this 28th day of August, 2013, been made on Defendant's counsel by mailing a copy, in a postage prepaid envelope to the following address:

    Regina Moriarty, Esquire
    U.S. Department of Justice
    Appellate Sec., Tax division
    Post Office box 502
    Washington D.C.  20044
    (202) 514-3361

*Counsel for Appellee*

    Robert E. Kovacevich
    4603 S. Pittsburg
    Spokane, Washington 99223
    (509) 448-2677

# In the United States Court of Federal Claims

No. 08-116T
(Filed: June 12, 2013)
**NOT FOR PUBLICATION**

| | |
|---|---|
| WESTERN MANAGEMENT, INC., YVONNE KOVACEVICH and ROBERT KOVACEVICH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## ORDER DENYING THE PLAINTIFFS' MOTION FOR RECONSIDERATION

On June 11, 2013 the plaintiffs moved, pursuant to Rule 59(a)(1)(A) of the Rules of the United States Court of Federal Claims ("RCFC"), for reconsideration of this court's May 28, 2013 opinion and order. In that opinion and order, the court concluded that the evidence submitted by the parties[1] established that "the Kovaceviches (and [Western Management Inc.]) received credit years ago for the amounts they self-assessed

---

[1] The exhibits and analysis provided by the government included certificates of assessments for the relevant tax years, Internal Revenue Service ("IRS") computation statements, and a related United States Tax Court opinion. The court also reviewed the response and exhibits, including the plaintiffs' tax filings, submitted by the Kovaceviches on April 17, 2013. In this circumstance, the plaintiffs' contention that they did not have an opportunity to be heard on their "right" to a "credit" is unsupported. The government specifically addressed their contentions regarding the right to a credit in its response to this court's order following the Federal Circuit's remand. As discussed above, at the core of the plaintiffs' objections to the judgment is their view that this court misread the remand order by considering the plaintiffs' income tax liability. The plaintiffs specifically object to the government's claim that the plaintiffs received "credit" for the excess employment taxes paid when the government reduced the income tax liability owed by the plaintiffs.

and paid as self-employment taxes for Mr. Kovacevich for taxable years 1994 and the first quarter of 1995." Unpublished Opinion and Order 2, ECF No. 121. The court also denied the plaintiffs' motion for leave to file a first amended and supplemental complaint pursuant to Rules 15(a)(2) and 15(d). Id. at n.1. The plaintiffs now request that the court rescind its previous order and credit the plaintiffs' social security earnings account with payments to social security by Mr. Kovacevich. Pls.' Mot. Reconsideration 2, ECF No. 123. For the reasons discussed below, the plaintiffs' motion is **DENIED**.

Under RCFC 59(a)(1)(A), the court may grant a motion for reconsideration "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." The decision to grant or deny a motion for reconsideration is within the sound discretion of the trial court. Shapiro v. Sec'y of Health & Human Servs., 105 Fed. Cl. 353, 361 (2012), aff'd, 503 F. App'x 952 (Fed. Cir. 2013). Reconsideration is only granted in extraordinary circumstances, id., as it is well established that a party seeking reconsideration under RCFC 59(a) will not prevail unless it shows (1) an intervening change in the controlling law, (2) availability of previously unavailable evidence, or (3) the necessity of reconsideration to prevent a manifest injustice. See Matthews v. United States, 73 Fed. Cl. 524, 526 (2006). Absent a manifest error of law or fact, courts will deny attempts to re-assert previously rejected arguments under RCFC 59. See Shapiro, 105 Fed. Cl. at 362.

The plaintiffs' motion for reconsideration does not establish any of the proper grounds for relief under RCFC 59(a). Rather than attack the accuracy of the computations in the government's analysis, the plaintiffs argue that the court failed to follow the Federal Circuit's mandate on remand. Specifically, the plaintiffs argue that the Federal Circuit granted the right to a trial to determine whether "the credit of employment taxes . . . has . . . been applied to the workers['] social security taxes."[2] Pls.' Mot. Reconsideration 1.

The plaintiffs' reading of the mandate is plainly incorrect. Rather than require a trial related to the plaintiffs' social security-related claims, the Federal Circuit's mandate was "solely . . . to determine whether the Kovaceviches [had] previously received credits

---

[2] The plaintiffs base this argument on the following passage in the Federal Circuit's opinion:

> Under these circumstances, we think that § 6521 allows the Kovaceviches to claim a credit for self-employment tax paid against their liability for Western's unpaid taxes to the extent that such a credit has not already been allowed. We leave to the Court of Federal Claims on remand to determine, in the first instance, the amount of such a credit.

W. Mgmt., Inc. v. United States, 498 F. App'x 10, 15 (Fed. Cir. 2012), reh'g denied (Jan. 25, 2013).

for the full amount of self-employment taxes they paid in 1994 and the first quarter of 1995, and, if they [had] not, to correct the amount of the judgment entered against them to reflect such credits." Mandate 11-12, ECF No. 110 (emphasis in original). In this connection, the court rejects the plaintiffs' reading of the Federal Circuit remand order. Contrary to the plaintiffs' contentions, the court does not read the remand order as requiring the court to look only at the plaintiffs' employment tax liability following affirmance of the alter ego ruling, but to all of the plaintiffs' tax liability, including their income tax liability. The government's submission demonstrates that the government gave the plaintiffs credit for the employment tax by applying the amount of the employment tax overpayment to reduce income taxes owed. Thus, the court confirmed that the plaintiffs did, in fact, receive credit against their other "unpaid taxes" as required by the Federal Circuit's mandate.

The plaintiffs' assertion that this court failed to follow the Federal Circuit's mandate is without merit.[3] Having failed to establish a proper ground for reconsideration, the plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[3] All of the plaintiffs' additional arguments for reconsideration are also hereby rejected. If the plaintiffs believe that the Federal Circuit's ruling has opened up other potential grounds for refunds, they are free to file the supplemental complaint that they sought to file in this case in a separate complaint. In this connection, and consistent with the plaintiffs' stated request, the Clerk of the Court is directed to assign the matter to a different judge.

**31**

# ADDENDUM

Westlaw.

26 U.S.C.A. § 6521                                                                                          Page 1

I.R.C. § 6521

**Effective:[See Text Amendments]**

United States Code Annotated Currentness
  Title 26. Internal Revenue Code (Refs & Annos)
    Subtitle F. Procedure and Administration (Refs & Annos)
      Chapter 66. Limitations (Refs & Annos)
        Subchapter C. Mitigation of Effect of Period of Limitations
        →→ **§ 6521. Mitigation of effect of limitation in case of related taxes under different chapters**

(a) **Self-employment tax and tax on wages.**--In the case of the tax imposed by chapter 2 (relating to tax on self-employment income) and the tax imposed by section 3101 (relating to tax on employees under the Federal Insurance Contributions Act)--

(1) If an amount is erroneously treated as self-employment income, or if an amount is erroneously treated as wages, and

(2) If the correction of the error would require an assessment of one such tax and the refund or credit of the other tax, and

(3) If at any time the correction of the error is authorized as to one such tax but is prevented as to the other tax by any law or rule of law (other than section 7122, relating to compromises),

then, if the correction authorized is made, the amount of the assessment, or the amount of the credit or refund, as the case may be, authorized as to the one tax shall be reduced by the amount of the credit or refund, or the amount of the assessment, as the case may be, which would be required with respect to such other tax for the correction of the error if such credit or refund, or such assessment, of such other tax were not prevented by any law or rule of law (other than section 7122, relating to compromises).

(b) **Definitions.**--For purposes of subsection (a), the terms "self-employment income" and "wages" shall have the same meaning as when used in section 1402(b).

CREDIT(S)

(Aug. 16, 1954, c. 736, 68A Stat. 814.)

HISTORICAL AND STATUTORY NOTES

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

26 C.F.R. § 301.6521–1                                                                Page 1

Treas. Reg. § 301.6521–1

**Effective:[See Text Amendments]**

Code of Federal Regulations Currentness
    Title 26. Internal Revenue
        Chapter I. Internal Revenue Service, Depart-
        ment of the Treasury
            Subchapter F. Procedure and Administration
                Part 301. Procedure and Administration
                (Refs & Annos)
                    ↳ Limitations
                        ↳ Mitigation of Effect of Period of
                        Limitations
                            → **§ 301.6521–1 Mitigation of ef-
                            fect of limitation in case of related
                            employee social security tax and
                            self-employment tax.**

(a) Section 6521 may be applied in the correction
of a certain type of error involving both the tax on
self-employment income under section 1401 and
the employee tax under section 3101 if the correc-
tion of the error as to one tax is, on the date the cor-
rection is authorized, prevented in whole or in part
by the operation of any law or rule of law other
than section 7122, relating to compromises. Ex-
amples of such law are sections 6212(c), 6401(a),
6501, 6511, 6512(a), 6514, 6532, 6901(c), (d) and
(e), 7121, and 7459(e).

(b) If the liability for either tax with respect to
which the error was made has been compromised
under section 7122, the provisions of section 6521
limiting the correction with respect to the other tax
do not apply.

(c) Section 6521 is not applicable if, on the date of
the authorization, correction of the effect of the er-
ror is permissible as to both taxes without recourse
to such section.

(d) If, because an amount of wages, as defined in
section 3121(a), is erroneously treated as self-
employment income, as defined in section 1402(b),
or an amount of self-employment income is erro-
neously treated as wages, it is necessary in correct-
ing the error to assess the correct tax and give a
credit or refund for the amount of the tax erro-
neously paid, and if either, but not both, of such ad-
justments is prevented by any law or rule of law
(other than section 7122), the amount of the assess-
ment, or the amount of the credit or refund, author-
ized shall reflect the adjustment which would be
made in respect of the other tax (either the tax on
self-employment income under section 1401 or the
employee tax under section 3101) but for the opera-
tion of such law or rule of law. For example, as-
sume that during 1955 A paid $10 as tax on an
amount erroneously treated as "wages", when such
amount was actually self-employment income, and
that credit or refund of the $10 is not barred. A
should have paid a self-employment tax of $15 on
the amount. If the assessment of the correct tax,
that is, $15, is barred by the statute of limitations,
no credit or refund of the $10 shall be made without
offsetting against such $10 the $15, assessment of
which is barred. Thus, no credit or refund in respect
of the $10 can be made.

(e) As another example, assume that during 1955 a
taxpayer reports wages of $4,200 and net earnings
from self-employment of $900. By reason of the
limitations of section 1402(b) he shows no self-
employment income. Assume further that by reason
of a final decision by the Tax Court of the United
States, further adjustments to the taxpayer's income
tax liability are barred. The question of the amount
of his wages, as defined in section 3121, was not in
issue in the Tax Court litigation, but it is sub-
sequently determined (within the period of limita-
tions applicable under the Federal Insurance Contri-
butions Act) that $700 of the $4,200 reported as
wages was not for employment as defined in sec-
tion 3121(b). Therefore, the taxpayer is entitled to

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

the allowance of a refund of the $14 tax paid on such remuneration under section 3101. The reduction of his wages from $4,200 to $3,500 would result in the determination of $700 self-employment income, the tax on which is $21 for the year. Under section 6521, the overpayment of $14 would be offset by the barred deficiency of $21, thus eliminating the refund otherwise allowable. If the facts were changed so that the taxpayer erroneously paid tax on self-employment income of $700, having been taxed on only $3,500 as wages, and within the period of limitations applicable under the Federal Insurance Contributions Act, it is determined that his wages were $4,200, the tax of $14 under section 3101, otherwise collectible, would be eliminated by offsetting under section 6521 the barred overpayment of $21. The balance of the barred overpayment, $7, cannot be credited or refunded.

**(f)** Another illustration of the operation of section 6521 is the case of a taxpayer who, for 1955, is erroneously taxed on $2,500 as wages, the tax on which is $50, and who reports no self-employment income. After the period of limitations has run on the refund of the tax under the Federal Insurance Contributions Act, it is determined that the amount treated as wages should have been reported as net earnings from self-employment. The taxpayer's self-employment income would then be $2,500 and the tax thereon would be $75. Assume that the period of limitations applicable to subtitle A of the Code has not expired, and that a notice of deficiency may properly be issued. Under section 6521, the amount of the deficiency of $75 must be reduced by the barred overpayment of $50.

[32 FR 15241, Nov. 3, 1967]

SOURCE: 32 FR 15241, Nov. 3, 1967; T.D. 9610, 78 FR 5994, Jan. 28, 2013; T.D. 9628, 78 FR 49369, Aug. 14, 2013, unless otherwise noted.

AUTHORITY:    26    U.S.C.    7805.;    Section

301.1474–1 also issued under 26 U.S.C. 1474(f).; Section 301.6011–2 also issued under 26 U.S.C. 6011(e).; Section 301.6011–3 also issued under 26 U.S.C. 6011.; Section 301.6011–5 also issued under 26 U.S.C. 6011.; Section 301.6011–6 also issued under 26 U.S.C. 6011(a).; Section 301.6011–7 also issued under 26 U.S.C. 6011(e).; Section 301.6033–4 also issued under 26 U.S.C. 6033.; Section 301.6036–1 also issued under 26 U.S.C. 6036.; Section 301.6037–2 also issued under 26 U.S.C. 6037.; Section 301.6050M–1 also issued under 26 U.S.C. 6050M.; Section 301.6061–1 also issued under 26 U.S.C. 6061.; Section 301.6081–2 also issued under 26 U.S.C. 6081(a).; Section 301.6103(c)–1 also issued under 26 U.S.C. 6103(c).; Section 301.6103(j)(1)–1 also issued under 26 U.S.C. 6103(j)(1).; Section 301.6103(j)(1)–1T also issued under 26 U.S.C. 6103(j)(1).; Section 301.6103(j)(5)–1 also issued under 26 U.S.C. 6103(j)(5).; Section 301.6103(k)(6)–1 also issued under 26 U.S.C. 6103(k)(6).; Section 301.6103(k)(6)–1T also issued under 26 U.S.C. 6103(k)(6).; Section 301.6103(k)(9)–1 also issued under 26 U.S.C. 6103(k)(9) and 26 U.S.C. 6103(q).; Section 301.6103(l)–1 also issued under 26 U.S.C. 6103(q).; Section 301.6103(l)(14)–1 also issued under 26 U.S.C. 6103(l)(14).; Section 301.6103(l)(21)–(1) also issued under 26 U.S.C. 6103(l)(21) and 6103(q).; Section 301.6103(m)–1 also issued under 26 U.S.C. 6103(q).; Section 301.6103(n)–1 also issued under 26 U.S.C. 6103(n).; Section 301.6103(n)–2 also issued under 26 U.S.C. 6103(n).; Section 301.6103(n)–2 also issued under 26 U.S.C. 6103(q).; Section 301.6103(n)–2T also issued under 26 U.S.C. 6103(n).; Section 301.6103(p)(2)(B)–1 also issued under 26 U.S.C. 6103(p)(2).; Section 301.6103(p)(2)(B)–1T also issued under 26 U.S.C. 6103(p)(2).; Sections 301.6103(p)(4)–1 and 301.6103(p)(7)–1T also issued under 26 U.S.C. 6103(p)(4) and (7) and (q).; Section 301.6104(a)–6(d) is also issued under 5 U.S.C. 552.; Section 301.6104(b)–1(d)(4) is also issued under 5 U.S.C. 552.; Section

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.